**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RAYNE ADOUE, | DOCKET NUMBER |
| Appellant, | DC-0752-19-0154-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE:  May 10, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Rayne Adoue, Bourg, Louisiana, pro se.

Misty Addison, APO, APO/FPO Europe, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal with prejudice for failure to prosecute.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

By letter of decision dated October 25, 2018, the Department of the Army removed the appellant from her Nurse position at the Landstuhl Regional Medical Center in Landstuhl, Germany.  Initial Appeal File (IAF), Tab 1 at 12-15; Tab 6 at 10.  She appealed her removal to the Board and elected to register as an e-filer. IAF, Tab 1 at 2, 5.  The administrative judge arranged a telephonic status conference for December 20, 2018.  IAF, Tab 3.  The appellant failed to appear for the conference.  Accordingly, the administrative judge ordered the appellant to show cause as to why she failed to appear.  IAF, Tab 9.  He set a deadline to respond of January 3, 2019, and informed the appellant that if she failed to respond, sanctions may be imposed.  *Id.*  Due to the partial Government shutdown of 2018-19, the administrative judge extended the deadline to respond until February 6, 2019.  IAF, Tab 10.

One day before the deadline to respond, on February 5, 2019, the appellant withdrew her registration as an e-filer and updated her address from one in Germany to one in Baton Rouge, Louisiana.  IAF, Tab 11 at 2.  However, the appellant did not respond to the order to show cause.  Thus, on February 7, 2019, the administrative judge ordered the appellant again to show cause as to why she failed to appear for the telephonic status conference and respond to the first order to show cause.  IAF, Tab 12.  This time, he warned the appellant that if she failed to respond her appeal would be dismissed with prejudice for failure to prosecute. *Id.* at 1-2.  This second show cause order was mailed to the appellant's old address in Germany.  *Id.* at 3.  The appellant again did not respond.

On February 27, 2019, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute.  IAF, Tab 13, Initial Decision (ID) at 1.  He found that by failing to respond to his orders, the appellant had not exercised basic due diligence and thus had abandoned her appeal.  ID at 2.  He further found that the imposition of sanctions was warranted to serve the interests of justice.  *Id.*  He informed the appellant that the initial decision would become

final on April 3, 2019, unless she filed a petition for review by that date.  ID at 3. Like the second show cause order, the initial decision was mailed to the appellant's old address in Germany.  IAF, Tab 14.

On April 7, 2019, the appellant re-registered as an e-filer.  IAF, Tab 15 at 2.  On May 1, 2019, she filed a petition for review.  Petition for Review (PFR) File, Tab 1 at 1, 123.  In an acknowledgment letter, the Acting Clerk of the Board informed the appellant that her petition was untimely, as it was not postmarked or received by April 3, 2019, and that she must submit a motion to accept the filing as timely and/or waive the time limit for good cause.  The Board set the deadline to file said motion as May 18, 2019.  PFR File, Tab 2 at 1-2.

On May 16, 2019, the appellant filed a motion to accept her filing as timely and/or to waive the time limit.  PFR File, Tab 4 at 4.  She asserts, under penalty of perjury, that because the second show cause order and the initial decision were served on her old address in Germany, she did not receive notice of them until April 7, 2019, the date she re-registered as an e-filer.  *Id.* at 3-5, 15.  According to the appellant, it was only then that she was able to access all of the records submitted in the appeal.  *Id.* at 5.  She also claims, in the alternative, that there is good cause for the waiver of the filing deadline due to extenuating personal circumstances.  *Id.* at 6.  These circumstances include her alcoholism, moving from Germany to the United States, finding tenants and a property manager for her home in Germany, and having general difficulties with the e-Appeal system. *Id.* at 9-13.

The agency has responded to the appellant's petition for review.  PFR File, Tab 5.  In its response, the agency concedes that the appellant did not timely receive the second show cause order or the initial decision.  *Id.* at 6.  Despite this, the agency argues that the appellant nonetheless failed to show good cause for her failure to appear at the telephonic status conference or respond to the first show cause order.  *Id.* at 7.  The appellant has replied to the agency's response.  PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's petition for review is timely under 5 C.F.R. § 1201.114(e).</u>

In her sworn affidavit, the appellant contends that she did not receive the initial decision until more than 5 days after the date of its issuance because the regional office sent it to her old address despite the fact that she terminated her e-filer status and notified the administrative judge of her new address. PFR File, Tab 4 at 17-18. The record supports the appellant's explanation.

On February 5, 2019, the appellant terminated her e-filer status and advised the administrative judge that her address had changed and listed her new address. IAF, Tab 11 at 2. Nevertheless, the initial decision, which was issued on February 27, 2019, was sent to the appellant's old address. IAF, Tab 14. Under 5 C.F.R. § 1201.114(e), when a party has shown that the initial decision was received more than 5 days after the date of its issuance, a petition for review will be considered timely if it is filed within 30 days of the date the initial decision was received. *Buniff v. Department of Agriculture*, 79 M.S.P.R. 118, ¶ 6 (1998). Here, the appellant re-registered as an e-filer and thus gained access to the initial decision on April 7, 2019, which is more than 5 days after the initial decision's issuance. IAF, Tab 15 at 2. Because the appellant filed her petition for review on May 1, 2019, which was within 30 days from the date she received the initial decision, we find that her petition was timely filed.

<u>The extreme sanction of dismissal with prejudice for failure to prosecute is not warranted.</u>

Dismissal for failure to prosecute is an extreme sanction that may be imposed if a party fails to prosecute or defend an appeal. *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000); 5 C.F.R. § 1201.43(b). The imposition of such a severe sanction, however, must be used only when necessary to serve the ends of justice, such as when a party has failed to exercise basic due diligence in complying with an order or has exhibited negligence or bad faith in her efforts to comply. *Chandler*, 87 M.S.P.R. 369, ¶ 6.

The administrative judge here found that the appellant failed to comply with the Board's order to appear for a telephonic status conference and failed to respond to both subsequent show cause orders. ID at 2. However, like the initial decision discussed above, the second show cause order, issued on February 7, 2019, was mailed to the appellant's old address. IAF, Tab 12 at 3. This is despite the fact that 2 days prior the appellant had terminated her e-filer status and advised the administrative judge that her address had changed and listed her new address. IAF, Tab 11 at 2. Accordingly, we find that the appellant was not properly served the second show cause order.[2] Thus, the appellant's failure to comply only applies to the telephonic status conference and the first show cause order. Her failures here do not support the extreme sanction of dismissal for failure to prosecute.

The Board has declined to affirm a dismissal for failure to prosecute when, as here, the appellant failed to obey two Board orders and the administrative judge did not specifically warn her of his intent to dismiss the appeal for failure to prosecute. *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 13-14 (2010); *Tully v. Department of Justice*, 95 M.S.P.R. 481, ¶ 12 (2004) (finding dismissal for failure to prosecute too severe when the appellant twice failed to file prehearing submissions and failed to appear at a status conference). The administrative judge here never specifically warned the appellant that he intended to dismiss the appeal for lack of prosecution, but rather generally warned the appellant that "sanctions may be imposed" if she failed to respond.[3] IAF, Tab 9 at 1. The fact that the administrative judge issued a second show cause order further demonstrates that the appellant's failure to respond to the first show cause order was insufficient to warrant the extreme sanction of dismissal for

---

[2] The agency here concedes that neither the initial decision nor the second show cause order were timely received. PFR File, Tab 5 at 6.

[3] While the administrative judge's second show cause order specifically informed the appellant that the appeal would be dismissed with prejudice if she failed to respond, this order was not properly served on the appellant. *Supra* p. 5.

failure to prosecute. Under these circumstances, we find that the sanction of dismissal for failure to prosecute is too severe. Because we find the petition for review was timely filed and that dismissal was unwarranted, we do not reach the appellant's arguments related to the reasons for her alleged delay and failure to respond. PFR File, Tab 1 at 9, Tab 4 at 6-13.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this remand order.

*Gina K. Grippando*

FOR THE BOARD:                                _____
                                                           Gina K. Grippando
                                                           Clerk of the Board

Washington, D.C.